ROBERT ALSOP, ET AL. *v.* JAMES WEIR.

[Abstract Kentucky Law Reporter, Vol. 7—366.]

**Execution of a Deed.**

The execution of a deed consists not only of its signing and acknowledgment, but also of its delivery to and acceptance by the grantee; and where there has been no acceptance of a conveyance the deed is of no effect.

**Burden to Show Mental Incapacity of a Grantor.**

The burden of showing mental incapacity of a grantor at the date of the execution of a deed is on the person alleging such incapacity.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 12, 1885.

OPINION BY JUDGE PRYOR:

The principal and in fact the only question to be considered in this case arises from the motion of counsel for the defendants to instruct the jury, as in case of a non suit. The motion to find for the defendants was based upon the idea that it devolved upon the plaintiff in the ejectment to show title from the commonwealth down in order to recover against one without title, except such as was claimed from the same common source.

It is conceded from both parties that Ben Alsop was the original owner of the land, and the appellee here and plaintiff below claims

to have purchased of him and exhibits his deed showing title.  That conveyance is attacked by the defendants, who are heirs at law of Benj. Alsop, on the ground of want of mental capacity on the part of Benj. Alsop to execute the deed under which the appellee claims.

The further defense is that prior to the conveyance under which the appellee claims, Benj. Alsop, his grantor, had conveyed this land to his son, J. M. Alsop, and that J. M. Alsop had conveyed the land to one of the appellants, Evaline McDonald; in fact Evaline McDonald acquired the deed from J. M. Alsop during the pendency of this action.  It appears that the conveyance to J. M. Alsop had been canceled by a judgment of the court in a former proceeding in which this title was involved; and if not, it appears on the trial of this case that the conveyance by Benj. Alsop to J. M. Alsop had never been accepted by the latter, and the appellant, McDonald, purchasing, lis pendens has no claim that we can perceive against the land or the appellee who has recovered it.  The title of the appellee was made perfect so far as the appellants were concerned when it appeared that J. M. Alsop had never accepted the deed from his father.  It was incumbent on the appellants to show a want of capacity on the part of their ancestor before the recovery could be defeated.  This they failed to do, and the title being in the appellee the judgment below was proper.

Judgment *affirmed.*

*W. Carrico, Haycraft & Slack,* for appellants.
*Weir, Weir & Walker,* for appellee.